**Estella BAKER, a personal representative of the Estate of Darryl E. Baker, Plaintiff,**

v.

**The UNITED STATES OF AMERICA, DEPARTMENT OF LABOR, Defendant.**

**No. 97–7387–CIV.**

United States District Court, S.D. Florida.

Sept. 9, 1998.

George G. Mahfood, Leesfield Leighton Rubio & Mahfood, Miami, FL, for Plaintiff.

Robert Rosenberg, Asst. U.S. Atty., Ft. Lauderdale, FL, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ENTERING FINAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT*

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon the Plaintiff's Motion for Summary Judgment [DE 11] and the Defendant's Cross–

Motion for Summary Judgment [DE 14]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

## I. PROCEDURAL BACKGROUND

The plaintiff, Estella Baker, the personal representative of the Estate of Darryl Baker, brought the present action against the United States of America, Department of Labor, pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., seeking to compel the deposition of an inspector of the Occupational Safety and Health Administration (OSHA) in a civil wrongful death action pending in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. The plaintiff requested the Department of Labor to permit the OSHA inspector to testify in the state wrongful death action, but the Department of Labor denied the request. The plaintiff seeks judicial review of the Department of Labor's decision.

## II. FACTS

On October 7, 1995, the decedent, Darryl E. Baker, was killed while working as a longshoreman aboard the vessel Hybur Trader while that vessel was docked at Port Everglades in Fort Lauderdale, Florida. The decedent was crushed against the wall of the vessel by a trailer loaded with liquid asphalt when the air brake system failed to hold it in place after it was parked.

On October 10, 1995, Joseph DeMartino, an OSHA inspector, pursuant to statutory authority, conducted an investigation of the accident. As part of the investigation, Mr. DeMartino inspected the subject trailer and work site, obtained the names of individuals who have knowledge of the incident, interviewed witnesses as necessary, and conducted a simulation of the circumstances of the fatal incident. Following the investigation, Mr. DeMartino made findings concerning the condition of the trailer and issued a report. A redacted version of the report has been provided to the plaintiff. *See* Report attached to Exhibit 7, which is annexed to plaintiff's Complaint.

On September 3, 1997, the plaintiff wrote to the Department of Labor requesting that Mr. DeMartino be made available for a deposition for use in the state court wrongful death action. *See* Exhibit 1 annexed to plaintiff's Complaint. In the letter, the plaintiff asserted as follows:

> Mr. DeMartino possess unique first hand evidence of the condition of the trailer shortly after the accident. Indeed, he may be the only person with first hand evidence of the condition of the trailer at the closest point in time following the accident.

On September 30, 1997, the Department of Labor denied plaintiff's request. *See* Exhibit 2 annexed to plaintiff's complaint. In responding to plaintiff's letter, the Department of Labor first noted that it receives thousands of requests each year for employees to testify in litigation in which the United States is not a party. The letter next noted that the general rule is that all Department employees are prohibited from testifying unless the Deputy Solicitor authorizes that the prohibition should be lifted. The Department of Labor concluded that based "[u]pon a complete review of the administrative record, the Deputy Solicitor was not persuaded to lift the prohibition set forth in 29 C.F.R., Part 2, Subpart C. Accordingly, OSHA will not designate an official to testify in response to your request." The instant action followed.

The plaintiff argues that the Department of Labor's decision to prohibit the OSHA inspector from testifying was arbitrary and capricious and not warranted by the record. The United States disagrees and argues the Department of Labor's decision was a proper exercise of discretion given the facts and circumstances surrounding the request to depose the OSHA inspector. Because the parties agree the facts at issue are not in dispute, the Court can resolve this matter at the summary judgment stage.

## III. DISCUSSION

### A. *Standard of Review*

5 U.S.C. § 706, the Administrative Procedure Act, provides in pertinent part as follows:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

*Id.* Here, the plaintiff argues the defendant's action was arbitrary, capricious and not in accordance with promulgated regulations.

Under the "arbitrary and capricious" standard, "a reviewing court may not set aside an agency rule that is rational, based on consideration of the relevant factors and within the scope of the authority delegated to the agency by the statute." *Motor Vehicle Mfrs. Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Id.* (citations omitted). The Supreme Court has set forth the following factors relevant to this review:

Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* (citations omitted); *see also Florida Manufactured Housing Ass'n, Inc. v. Cisneros,* 53 F.3d 1565, 1572 (11th Cir.1995).

The parties agree that 29 C.F.R. § 2.22 governs the defendant's action in the present case. The regulation provides the general rule that all Department employees are prohibited from testifying unless the Deputy Solicitor authorizes that the prohibition be lifted.[1] The plaintiff does not dispute the validity of the regulation nor does the defendant dispute that the regulation does not provide a blanket ban of all requests for testimony.

The parties also agree that in assessing whether to lift the prohibition, the Deputy Solicitor must apply a balancing test where the Deputy Solicitor must weigh the plaintiff's need for the testimony against the adverse effects on the Department of Labor's concerns. Regarding the latter, the plaintiff recognizes the defendant's public policy reasons against permitting the deposition of the OSHA inspector, to wit, centralizing the dissemination of information of the agency (e.g. restricting investigators from expressing opinions on policy matters), minimizing governmental involvement in controversial matters unrelated to official business and avoiding the expenditure of government time and money for private purposes. *See* Government Exhibit 2, Declaration of Ronald G. Whiting, at ¶ 5, annexed to the defendant Cross Motion for Summary Judgment and Exhibit 2 annexed to plaintiff's complaint. However, the plaintiff argues that the need for the testimony outweighs the public policy concerns.

---

1. Specifically, 29 C.F.R. § 2.22 provides as follows:

In terms of instructing an employee or former employee of the manner in which to respond to a demand, the Associate Solicitor, Regional Solicitor, or Associate Regional Solicitor, whichever is applicable, shall follow the instructions of the appropriate Deputy Solicitor of Labor. No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without approval of the appropriate Deputy Solicitor of Labor.

The essence of the plaintiff's argument is that because the OSHA inspector was the first person to inspect the trailer, he is the only person with first hand knowledge of the condition the trailer at the closest point in time following the accident. As the defendant has noted, however, while the OSHA inspector may have been the first one to inspect the trailer, he was not the only person to inspect the trailer. The plaintiff does not contest that others have also inspected the trailer. Rather, the plaintiff argues essentially that there is a question whether the condition of the trailer was altered before these other individuals inspected the trailer.

■ The Court notes that the OSHA inspection did not occur until three days following the accident. Further, the OSHA inspector has also provided an affidavit that he "did not alter the equipment in any way in the course of my inspection." Government Exhibit 1 annexed to the defendant's Cross Motion for Summary Judgment. While the plaintiff asserts this statement was not included in the inspector's report and that this precise testimony regarding the condition of the trailer is essential to the wrongful death action, this fact alone is not sufficient to outweigh the public policy concerns against permitting the OSHA inspectors to testify. Because of the nature of OSHA's responsibilities, it is logical for an OSHA inspector to be one of the first investigators to inspect equipment involved in an occupational accident. Every time another investigator inspects the same equipment there will typically be a question whether the OSHA inspector or other individuals altered the condition of the equipment. To create an exception requiring the OSHA inspector to testify in every one of these cases would swallow the general rule prohibiting OSHA employees from testifying. Rather, the exception for permitting OSHA inspectors to testify should be left for those situations where there are compelling circumstances which outweigh the public interest served by the regulations. Compelling circumstances have been found when only OSHA was able to inspect the worksite in question or when OSHA removed relevant equipment from a worksite so that the site could not be reconstructed for an inspection by others. *See Kauffman v. United States*

*Department of Labor,* 1997 WL 825244 at n. 4 (E.D.Pa.1997). These are the type of compelling circumstances which would justify the waiver of the prohibition of employee testimony. Therefore, the Court finds that the decision of the Department of Labor to not waive the prohibition of the deposition of the OSHA inspector was not arbitrary, capricious, or an abuse of discretion, and was otherwise in accordance with law. 5 U.S.C. § 706.

### IV. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Plaintiff's Motion for Summary Judgment [DE 11] is hereby **DENIED;**

2. The Defendant's Cross–Motion for Summary Judgment [DE 14] is hereby **GRANTED;**

3. The decision of the Department of Labor is hereby affirmed;

4. The Clerk of this Court is directed to deny all pending motions as moot; and

5. This case is closed.